**INTERTYPE COMPANY, a Division of Harris-Intertype Corporation, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**International Union, United Automobile, Aerospace and Agricultural Implement Workers, UAW, AFL–CIO, Intervenor.**

No. 10636.

United States Court of Appeals Fourth Circuit.

Argued Dec. 8, 1966.

Decided Jan. 12, 1967.

Kenneth C. McGuiness, Washington, D. C. (Flournoy L. Largent, Jr., Win-

chester, Va., and Vedder, Price, Kaufman, Kammholz & McGuiness, Washington, D. C., on brief), for petitioner.

Elliott C. Lichtman, Atty., National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gary Green and Morton Namrow, Attys., National Labor Relations Board, on brief), for respondent.

Bernard G. Link, Baltimore, Md., for intervenor.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

We have for review an order of the National Labor Relations Board in which Intertype was found to have violated §§ 8(a) (1) and 8(a) (3) of the Labor Management Relations Act. We deny the petition for review and grant enforcement of the Board's remedial order.

■ The employer does not question the existence of conflicting evidence sufficient to support the Board's finding of violations of § 8(a) (1) in coercive statements made by supervisory officials to employees. It does contest a finding of surveillance of a union meeting, contending that the plant superintendent and two foremen, who went there for the admitted purpose of seeing how many employees attended the meeting and who they were, did so solely out of their own curiosity. Employer dissociation from the surveillance was buttressed by testimony that on the next day the personnel manager instructed the three supervisors not to do such a thing again. That instruction, however, did not filter down to the employees. At least one of the employees attending the meeting was told on the next day by one of the observing supervisors that those attending had been observed, and this was done in a context of other coercive statements.

This was not a case in which the supervisors innocently chanced upon the meeting—they went there furtively, solely for the purpose of seeing how many attended and identifying those that were present.[1] What they had done was communicated to the employees, and it was clearly calculated to have a coercive effect which could be removed only if the employer had clearly informed all of its employees of its disavowal of what the supervisors had done.

■ The Board found also that the employer had violated § 8(a) (3) of the Act by the discharge of two employees who were known to have been among those attending the union meeting. One of those was an accomplished linotype operator, while the other was, admittedly, a versatile, dextrous and skilled employee. The Company's explanation that the proofing operation, in which the two had been engaged, was abolished is hardly sufficient to foreclose an adverse finding when the discharge followed soon after the union meeting and when, at the time, the employer was expanding its labor force and was searching for new employees with the basic capabilities to go through a training program and to acquire the skills the two employees already possessed. The employer contended that the linotype operator was not so skilled in other jobs, but there was a decided dispute in the testimony as to that, while the other discharged employee, admittedly skillful and versatile, was said to have had an excessive number of absences on account of illnesses during the preceding year.

In the context of an expanding labor force and a search for the very skills these two employees had, the Board not unreasonably concluded that the abrupt discharge of the two employees without prior warning, rather than a transfer of the two to other jobs which they had held, was occasioned by the union activity of the two employees. The circumstantial evidence was fully sufficient to support the Board's inference of discrimination in preference to acceptance of the employer's testimonial disavowal.[2]

Petition for review denied—Enforcement granted.

---

1. N.L.R.B. v. M & B Headwear Co., 4 Cir., 349 F.2d 170, (surveillance found when car occupied by supervisor drove past, and slowed at, house of employee when union organizational meeting was beginning); N.L.R.B. v. Collin & Aikman Corp., 4 Cir., 146 F.2d 454. See also, N.L.R.B. v. Community Motor Bus Co., 4 Cir., 335 F.2d 120.

2. See N.L.R.B. v. Associated Naval Architects, Inc., 4 Cir., 355 F.2d 788; N.L.R.B. v. Lester Bros., 4 Cir., 337 F.2d 706, and the cases cited in footnote 1.